IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Charles-Rodger:  Berry, Sovereign
Free White Citizen,

     Plaintiff,

vs.                                                         Civ. No. 03-1285 JP/DJS

STATE OF NEW MEXICO GOVERNOR
BILL RICHARDSON, Individually and Officially,
et al.,

     Defendants.

MEMORANDUM OPINION AND ORDER

     On January 14, 2004, Defendant Mike Chavez, Belen Chief of Police, filed a Special Entry of Appearance and Motion to Quash Purported Service of Process (Doc. No. 22).  The *pro se* Plaintiff has not filed a response to the Motion to Quash Purported Service of Process.  Having reviewed Defendant Chavez's Motion to Quash Purported Service of Process, the Court finds that the Motion to Quash Purported Service of Process should be granted.

A.  Background

     On November 7, 2003, the Plaintiff filed the Complaint in this case and filed a Certificate of Service (Doc. No. 2) indicating that he mailed a copy of his Complaint to the City of Belen, Defendant Chavez's employer.  Defendant Chavez argues that the Plaintiff did not effect service of process on him because the Plaintiff failed to include a summons with the copy of the Complaint.  Fed. R. Civ. P. 4(c)(1) states that "[a] summons shall be served together with a copy of the complaint."  Defendant Chavez notes that the Plaintiff did not seek a waiver of service of the summons under Rule 4(d)(2).  Defendant Chavez requests that the Court quash the purported service of process and place a time limitation for effecting service of process on him.  Defendant Chavez also requests that the Court dismiss Plaintiff's claims against him if the Plaintiff fails to meet the time limitation for effecting

service.

B.  Discussion

It is undisputed that the Plaintiff has not effected service of process on Defendant Chavez because the Plaintiff failed to include a summons along with a copy of the Complaint. The Plaintiff has 120 days after the filing of his Complaint to effect service of process on Defendant Chavez. *See* Rule 4(m). Accordingly, the Plaintiff has until March 8, 2004 to properly serve process on Defendant Chavez. Failure to effect complete service on Defendant Chavez by March 8, 2004 will result in a dismissal without prejudice of Plaintiff's claims against Defendant Chavez unless the Plaintiff can show good cause for missing the March 8, 2004 deadline. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000)(quoting *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995))(under Rule 4(m), court must extend time to effect service of process if plaintiff shows good cause).

IT IS ORDERED that:

1. Defendant Chavez's Motion to Quash Purported Service of Process (Doc. No. 22) is granted and Plaintiff's attempted service by mailing a copy of his complaint on November 7, 2003 is quashed;

2. Plaintiff must, in accordance with the Federal Rules of Civil Procedure, file of record no later than March 15, 2004 evidence that proper service was made on Defendant Chavez by March 8, 2004; and

3. Plaintiff's failure to properly serve Defendant Chavez by March 8, 2004 will result in the Court dismissing Plaintiff's claims against Defendant Chavez without prejudice unless the Plaintiff can show good cause for failing to meet the March 8, 2004 deadline.

_____
SENIOR UNITED STATES DISTRICT JUDGE