IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Charles-Rodger: Berry, Sovereign
Free White Citizen,

    Plaintiff,

vs.                                                                                                                                    Civ. No. 03-1285 JP/DJS

STATE OF NEW MEXICO GOVERNOR
BILL RICHARDSON, Individually and Officially,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 4, 2003, Defendants County of Valencia, Valencia County Commissioners, Valencia County Manager James Fernandez, Valencia County Planning/Zoning Administrator Ruben Chavez, and Valencia County Sheriff Richard Perea (collectively, "the Valencia County Defendants") filed Valencia County Defendants' Motion for a More Definite Statement (Doc. No. 7). Having reviewed the briefs and relevant law, the Court finds that the Valencia County Defendants' Motion for a More Definite Statement should be granted.

A. Background

The *pro se* Plaintiff filed a lengthy and confusing Complaint on November 7, 2003. The Plaintiff is suing a multitude of state and local government officials in their individual and official capacities for violating some or all of the following: the United Nations Charter, the United States Constitution, federal law ("the laws of the States united to form the United States"), the New Mexico Constitution, New Mexico common law, and Plaintiff's God given rights. With respect to the Defendants Valencia County and its County Commissioners, the Plaintiff alleges

that they violated the United Nations Charter

> [b]y tracking and stopping Charles-Rodger: Berry, Sovereign Free White Citizen, and for coming on his land without a warrant and threating [sic] same with imprisonment for doing no wrong other that [sic] being a father and standing up for his daughter. Sheriff Juan Julian and Sheriff Deputies stopped Charles-Rodger: Berry on orders from Mr. McCarthney of Planning and Zoning Department and the County Manager.

Complaint at unnumbered pg. 8. The Plaintiff also alleges that the Defendants Valencia County and its County Commissioners violated Article II of the New Mexico Constitution by having their agents interfere with the Plaintiff's God given rights "to travel to and from the place of Worship," "to travel to and from the Grocery Stores to buy food," " to travel to and from the Department Stores to buy clothing," and "to travel to the Doctors and Hospital for medical treatment and medicine." *Id*. at unnumbered pg. 9. The Plaintiff also alleges that Defendants Valencia County and its County Commissioners had agents who would stop him whenever they saw him on the road and follow him whenever he left his home. The Plaintiff claims that these actions were taken against him "because I as a father stood up for my daughter and denied the government to mistreat her as a child." *Id*. Finally, the Plaintiff alleges that by denying him "the right to move about without being followed and stopped for doing no wrong," the Defendants Valencia County and its County Commissioners violated the United Nations Charter, the United States Constitution, federal law, the New Mexico Constitution, and New Mexico common law. *Id*.

The Plaintiff alleges that Defendants Valencia County and Valencia County Manager James Fernandez violated the United Nations Charter, federal law, Article II of the New Mexico Constitution, New Mexico common law, and his God given rights "by denying him the right to move about without being followed and stopped and sited [sic] for doing no wrong." *Id*. at unnumbered pg.10-11. The Plaintiff further alleges that Defendant Fernandez committed perjury

"in order to trap Charles-Rodger: Berry, Sovereign Free White Citizen, into committing wrong by coming on his property without a warrant and making treats [sic] to put him in jail. Stating they didn't need a warrant, they were the law." *Id*. at unnumbered pg. 11.

Next, the Plaintiff alleges that Defendants Valencia County and its Planning/Zoning Administrator Ruben Chavez violated the United Nations Charter by denying the Plaintiff "the right to be free in his home, land and automobile and the right to travel without interference from the government" and "the right not to be followed by the government." *Id*. at unnumbered pgs. 11-12. The Plaintiff alleges that these actions also violated the United States Constitution, federal law, Article II of the New Mexico Constitution, and New Mexico common law.

Finally, the Plaintiff alleges that Defendant Valencia County, Defendant Valencia County Sheriff Perea, and unnamed Valencia County sheriff's deputies violated his "right not to be followed by government agents." *Id*. at unnumbered pg. 13. The Plaintiff alleges that in violating his right not to be followed by government agents, Defendant Valencia County, Defendant Valencia County Sheriff Perea, and unnamed Valencia County sheriff's deputies violated the United Nations Charter, the United States Constitution, federal law, the New Mexico Constitution, New Mexico common law, and his God given rights. *Id*. at unnumbered pgs. 13-14.

B. Discussion

As a preliminary matter, the Court notes that the Plaintiff filed an untimely response to the Valencia County Defendants' Motion for a More Definite Statement and failed to serve his response on the Valencia County Defendants. *See* D.N.M. LR-Cv 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); D.N.M. LR-Cv 7.4 (where opposed motions involve a

*pro se* party "[t]he response and reply must be filed and served on all parties."); D.N.M. LR-Cv 7.6 ("A response must be served within fourteen (14) calendar days after service of the motion. ... These time periods are computed in accordance with Fed. R. Civ. P. 6(a) and (c)...."). Although Plaintiff is *pro se*, the Court expects him to comply with the local rules of civil procedure as well as with the Federal Rules of Civil Procedure. The Court will consider the Plaintiff's untimely and unserved response in this instance but warns the Plaintiff that the Court will not consider any future untimely and unserved pleadings to the extent permitted under Tenth Circuit caselaw.

The Valencia County Defendants ask the Court to require the Plaintiff to provide a more definite statement of his claims against them. *See* Fed. R. Civ. P. 12(e). The Valencia County Defendants contend that they cannot frame a meaningful responsive pleading because the Plaintiff's Complaint contains only vague factual allegations and nonspecific legal bases. Rule 12(e) states the following:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

"Motions for a more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response." *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002)(citing *Resolution Trust Corp. v. Thomas*, 837 F.Supp. 354, 355 (D. Kan. 1993)). A mere lack of detail is insufficient grounds for granting a Rule 12(e) motion. *Id*. "[R]ather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of

a denial or admission." *Id*. Whether to grant a motion for a more definite statement is a matter within the discretion of the court. *Currier v. Doran*, 242 F.3d 905, 916 (10th Cir.), *cert. denied*, 534 U.S. 1019 (2001).

The Court recognizes that since the Plaintiff is proceeding *pro se*, the Court is required to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, liberal construction of *pro se* pleadings does not relieve the Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The Court may order a *pro se* plaintiff to submit a more definite statement of his claims if his complaint fails to provide a comprehensible account of his alleged causes of action, the facts supporting those causes of action, and the relief which he is seeking. *Derrer v. Lakewood Housing Authority*, 1995 WL 151807 **2 (10th Cir.).

In this case, the Plaintiff's causes of actions against the Valencia County Defendants mostly refer to general violations of the United Nations Charter, the United States Constitution, federal law, the New Mexico Constitution, and New Mexico common law. The Valencia County Defendants cannot reasonably be expected to respond to these nonspecific and vague causes of actions. The Plaintiff must allege violations of specific sections of the United Nations Charter, the United States Constitution, federal law, and the New Mexico Constitution[1] as well as to specific legal doctrines supported by New Mexico common law. The Plaintiff must also specify the legal bases for his assertions of violations of his God given rights. Furthermore, most of the

---

[1]Although the Plaintiff at times refers to Article II of the New Mexico Constitution, he does not always refer to any particular portion of the New Mexico Constitution.

Plaintiff's allegations against the Valencia County Defendants contain little factual support.[2] The Valencia County Defendants cannot reasonably be expected to respond to those kinds of vague, general allegations. The Court, therefore, finds that the Valencia County Defendants' Motion for a More Definite Statement should be granted.

IT IS ORDERED that:

1.  the Valencia County Defendants' Motion for a More Definite Statement (Doc. No. 7) is granted;

2. Plaintiff must file and serve a more definite statement of his claims against the Valencia County Defendants by March 15, 2004; and

3. Plaintiffs' failure to file and serve a more definite statement of his claims against the Valencia County Defendants by March 15, 2004 will result in a dismissal of his claims against those Defendants without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] For example, Plaintiff seldom alleges specifics of events by giving dates, locations and names of individuals involved in events of which Plaintiff complains.