IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Charles-Rodger: Berry, Sovereign
Free White Citizen,

    Plaintiff,

vs.                                                   Civ. No. 03-1285 JP/DJS

STATE OF NEW MEXICO GOVERNOR
BILL RICHARDSON, Individually and Officially,
et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

On December 5, 2003, Defendants Louis F. Huning, Charles Greigo, Robert Vialpando, Gerard Saiz, Cecilia Castillo, Phillip Jaramillo, and Nick Balido (collectively, the "Los Lunas Defendants"); and Defendants Ken Hayes, Ginger Eldridge, David Linthicum, Joe Stidham, Roger Baldwin, Wayne Ake, and the Village of Bosque Farms (collectively, the "Bosque Farms Defendants") filed a Motion to Dismiss for Failure to State a Claim and Alternative Motion for More Definite Statement by the Village of Los Lunas and Village of Bosque Farms Defendants (Doc. No. 11). Having reviewed the briefs and relevant law, the Court finds that the motion to dismiss should be denied while the alternative motion for a more definite statement should be granted.

A. Background

The *pro se* Plaintiff filed a lengthy and confusing Complaint on November 7, 2003. The Plaintiff is suing a multitude of state and local government officials in their individual and official capacities for violating some or all of the following: the United Nations Charter, the United States Constitution, federal law ("the laws of the States united to form the United States"), the New Mexico Constitution, New Mexico common law, and Plaintiff's God given rights. With respect to the Bosque Farm Defendants, the Plaintiff alleges the following: the Bosque Farm Defendants (except Defendant

Police Chief Stidham) violated Plaintiff's right not to be followed by the police; Defendant Police Chief Stidham and his police officers conspired with the Village of Los Lunas and the County of Valencia to imprison the Plaintiff after he demanded a jury trial; and Defendant Police Chief Stidham violated the Plaintiff's right to travel freely.  With regard to the Los Lunas Defendants, the Plaintiff alleges the following: the Los Lunas Defendants (except Defendant Police Chief Balido) improperly imprisoned the Plaintiff after he demanded a jury trial;  the Los Lunas Defendants (except Defendant Police Chief Balido) failed to protect the Plaintiff from the police;  Defendant Police Chief Balido violated the Plaintiff's right to travel freely; Defendant Police Chief Balido's police officers improperly imprisoned the Plaintiff in his automobile and searched his automobile without cause; and Defendant Police Chief Balido and his police officers have continued to harass the Plaintiff.

B.  Discussion

The Bosque Farms Defendants and the Los Lunas Defendants argue first that the Plaintiff's claims against them should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Specifically, the Bosque Farms Defendants and the Los Lunas Defendants contend that the Plaintiff has filed to state any cognizable claims against them because he has not complied with Fed. R. Civ. P. 8(a).  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n*, 891 F.2d 1473, 1480 (10th Cir. 1989), *cert. denied*, 495 U.S. 930 (1990)(a district court may dismiss a complaint under Rule 12(b)(6) if it fails to comply with Rule 8(a)).  Rule 8(a) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...."

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.

1984). The district court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A district court is likewise required to liberally construe a *pro se* plaintiff's pleadings; however, mere conclusory allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The district court is not obliged to craft legal theories for the *pro se* plaintiff nor may the district court supply factual allegations to support a *pro se* plaintiff's claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In this case, the Plaintiff's causes of actions against the Bosque Village Defendants and the Los Lunas Defendants mostly refer to general violations of the United Nations Charter, the United States Constitution, federal law, the New Mexico Constitution, and New Mexico common law. To state a claim upon which relief can be granted under Rules 12(b)(6) and 8(a), the Plaintiff must allege violations of specific portions of the United Nations Charter, the United States Constitution, federal law, and the New Mexico Constitution[1] as well as violations of legal doctrines supported by New Mexico common law. The Plaintiff must also specify the legal bases for his assertions of violations of his God given rights. Furthermore, most of the Plaintiff's allegations against the Bosque Village Defendants and the Los Lunas Defendants contain little or no factual support.[2] The Plaintiff's claims against the Bosque Village Defendants and the Los Lunas Defendants are, therefore, subject to dismissal under Rule 12(b)(6) for failure to comply with Rule 8(a).

Dismissal, however, is a harsh remedy when a plaintiff may be able to comply with Rule 8(a) by submitting a more definite statement of his claims under Rule 12(e). *See Cox v. Transunion, Inc.*,

---

[1]Although the Plaintiff at times refers to Article II of the New Mexico Constitution, he does not always refer to any particular portion of the New Mexico Constitution.

[2]For example, Plaintiff does not allege specific information concerning incidents he complains of by giving dates, locations and names of individuals involved in those incidents.

2003 WL 22245323 *2 (D. Kan.).  The Court, therefore, finds that the Bosque Village Defendants and the Los Lunas Defendants' motion to dismiss will be denied and their alternative motion for a more definite statement will be granted.  The Court notes that the Plaintiff must comply with Fed. R. Civ. P. 10(b)(using numbered paragraphs and separate statements when setting forth claims) in drafting his more definite statement of claims and if the Plaintiff chooses to refer to exhibits in his more definite statement of claims, he must attach those exhibits to the more definite statement of claims.

IT IS ORDERED that:

1. the Bosque Village Defendants and the Los Lunas Defendants' Motion to Dismiss for Failure to State a Claim and Alternative Motion for More Definite Statement by the Village of Los Lunas and Village of Bosque Farms Defendants (Doc. No. 11) is granted in that the Plaintiff must file and serve a more definite statement of his claims against the Bosque Village Defendants and the Los Lunas Defendants, drafted in accordance with this Memorandum Opinion and Order, by April 1, 2004; and

2. Plaintiff's failure to file and serve a more definite statement of his claims against the Bosque Village Defendants and the Los Lunas Defendants by April 1, 2004 will result in a dismissal of his claims against those Defendants without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE