IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Charles-Rodger:  Berry, Sovereign
Free White Citizen,

      Plaintiff,

vs.                                                           Civ. No. 03-1285 JP/DJS

STATE OF NEW MEXICO GOVERNOR
BILL RICHARDSON, Individually and Officially,
et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On December 3, 2003, the *pro se* Plaintiff filed a Motion to Compel (Doc. No. 5). The Motion to Compel is, however, in substance a motion for preliminary injunction. Since the Plaintiff failed to serve the motion for preliminary injunction on the Defendants, the Village of Los Lunas Defendants, the Village of Bosque Farms Defendants, and the Valencia County Defendants[1] did not file and serve responses until February 11, 2004. The Plaintiff did not file a reply. Having reviewed the briefs and relevant law, the Court finds that the Plaintiff's motion for preliminary injunction should be denied.

    A.  Failure to Serve the Motion for Preliminary Injunction

The Village of Los Lunas Defendants, the Village of Bosque Farms Defendants, and the Valencia County Defendants argue first that the motion for preliminary injunction should be denied because the Plaintiff failed to serve the motion upon them. Subsequent to the Plaintiff's filing of the motion for preliminary injunction, the Court informed the Plaintiff in various opinions

---

[1] The Court dismissed the Plaintiff's claims against the Valencia County Defendants on March 17, 2004.  Order (Doc. No. 47).

that he must serve his motions upon the Defendants as required by the Federal Rules of Civil Procedure and the local rules.  Assuming that the Plaintiff did not know at the time he filed the motion for preliminary injunction that he had to serve his motions on the Defendants, the Court finds that the Plaintiff's failure to serve the motion for preliminary injunction should not serve as a basis for denying the motion for preliminary injunction, especially since the Village of Los Lunas Defendants, the Village of Bosque Farms Defendants, and the Valencia County Defendants had an opportunity to file responses.

B.  Preliminary Injunction

The Plaintiff requests in his motion for preliminary injunction that the Court interfere with a state court case over which the Honorable State Municipal Court Judge Jeff Aragon is presiding. The Plaintiff also requests that the Court order Defendants Village of Los Lunas, Village of Bosque Farms, Valencia County, and City of Belen to restrain their respective police departments from harassing the Plaintiff for 200 years.

To establish entitlement to a preliminary injunction, the moving party must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest." *Kansas Health Care Ass n, Inc. v. Kansas Dep t of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citing *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993); *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992)).  "Because a preliminary injunction is an extraordinary remedy . . . the right to relief must be clear and unequivocal." *Kansas Health Care*, 31 F.3d at

1543 (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

In this case, the Plaintiff has failed to address any of the elements for a preliminary injunction let alone prove any of those elements.[2]  In addition, the Court notes that Judge Aragon may very well be entitled to judicial immunity under either 42 U.S.C. §1983 or the common law. Furthermore, under the *Younger* abstention doctrine, the Court may be obliged to refrain from exercising jurisdiction over matters still being litigated in state court.  Finally, the Plaintiff does not provide any factual allegations regarding the alleged police harassment he is supposedly suffering at the hands of Defendants Village of Los Lunas, Village of Bosque Farms, Valencia County, and City of Belen.  The Court concludes that the Plaintiff has failed to show that he has a clear and unequivocal right to a preliminary injunction.

IT IS ORDERED that Plaintiff's Motion to Compel (Doc. No. 5) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]The Valencia County Defendants enumerated the elements necessary for a preliminary injunction in their response.  Consequently, the Plaintiff was presumably aware of the preliminary injunction elements but nonetheless chose not to file a reply.