IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Charles-Rodger: Berry, Sovereign
Free White Citizen,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 03-1285 JP/DJS

STATE OF NEW MEXICO GOVERNOR
BILL RICHARDSON, Individually and Officially,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On April 1, 2004, Defendants State of New Mexico, Governor Bill Richardson, New Mexico Taxation & Revenue Department, Motor Vehicle Division, Maria Martinez, New Mexico Legislature, Tetra [sic] Jimenez Maes, Pamela B. Minzer, Patricio M. Serna, Richard C. Bosson, Edward L. Chavez, Kenneth G. Brown, Louis P. McDonald, Camille M. Olguin, John W. Pope, and William A. Sanchez (collectively the State Defendants) filed State Defendants' Motion to Dismiss or Alternatively Motion for a More Definite Statement (Doc. No. 53).[1]  The *pro se* Plaintiff did not respond to this motion.  Having reviewed the State Defendants motion and the relevant law, the Court finds that Plaintiff's claims against the State Defendants should be dismissed without prejudice.

---

[1]The State Defendants are also seeking the dismissal of any claims made against the New Mexico State Police.  The New Mexico State Police, as the State Defendants concede, is not a named defendant in the complaint.  Apparently, the Plaintiff named the New Mexico State Police as a defendant in an amended complaint that was never filed.  Since that amended complaint was not filed, the Court does not have the authority to dismiss unfiled claims against the New Mexico State Police.

The State Defendants move to dismiss the Plaintiff's claims against them for failure of service of process under Fed. R. Civ. P. 12(b)(5) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The State Defendants also move, in the alternative, that the Plaintiff provide a more definite statement under Fed. R. Civ. P. 12(e).

The State Defendants argue first that the Plaintiff failed to properly serve the summons and complaint upon them because he merely mailed the complaint. *See* Certificate of Service (Doc. No. 2), filed Nov. 7, 2003. Under Fed. R. Civ. P. 4(e) service can be effected upon an individual from whom a waiver has not been obtained and filed by 1) following the service of process law found in the state where the lawsuit was filed or where the service of process is to be effected, 2) by delivering a copy of the summons and complaint to the individual personally, 3) by leaving a copy of the summons and complaint at the individual's home, or 4) by "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." In New Mexico, service of process upon state officers, officials, or employees is effected when a copy of the summons and complaint is delivered to the officer, official, or employee and to the attorney general. Rule 1-004(F)(3)(c) NMRA 1998. Moreover, to effect service of process upon the governor or the head of a state agency, bureau, department, commission or institution a copy of the summons and complaint may be delivered to either the head of the state agency, bureau, department, commission or institution or to that head's receptionist. Rule 1-004(F)(3)(e) NMRA 1998.

Under Fed. R. Civ. P. 4(j)(2), service upon a state or state organization is effected by either "delivering a copy of the summons and of the complaint to its chief executive officer" or by following that state's service of process law. In New Mexico, service of process is effected upon

2

the state by delivering a copy of the summons and complaint to the governor and to the attorney general. Rule 1-004(F)(3)(a) NMRA 1998. To effect service upon a state branch, agency, bureau, department, commission or institution, a copy of the summons and complaint must be delivered to the head of the branch, agency, bureau, department, commission or institution and to the attorney general. Rule 1-004(F)(3)(b) NMRA 1998.

The Plaintiff clearly did not follow any of these rules with respect to the service of process upon the State Defendants. Generally, the court should allow a plaintiff an opportunity to re-serve a defendant if the insufficient service of process is curable. *Gregory v. U.S./U.S. Bankruptcy Court for Dist. of Colorado*, 942 F.2d 1498, 1500 (10th Cir. 1991), *cert. denied*, 504 U.S. 941 (1992)(citing *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983)). In this case, however, the Plaintiff has failed to show an interest in re-serving the State Defendants by not responding to the State Defendants' motion to dismiss. *See* D.N.M. LR-Cv 7.1(b)(failure to file a response to a motion constitutes consent to grant that motion). The Court will, therefore, dismiss the Plaintiff's claims against the State Defendants without prejudice. *See Thompson v. Galetka*, 42 Fed. Appx. 397, 399 (10th Cir. 2002), *cert. denied*, 537 U.S. 1115 (2003)(citing *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995)(district court has discretion to dismiss complaint for improper and untimely service of process).

Since the Court will dismiss without prejudice the Plaintiff's claims against the State Defendants for insufficient service of process, there is no need to rule on the Rule 12(b)(6) and Rule 12(e) motions.

IT IS ORDERED that State Defendants' Motion to Dismiss or Alternatively Motion for a More Definite Statement (Doc. No. 53) is granted in that the Plaintiff's claims against the State Defendants will be dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE