IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Charles-Rodger: Berry, Sovereign
Free White Citizen,

    Plaintiff,

vs.                                                 Civ. No. 03-1285 JP/DJS

CORNELL DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On April 22, 2004, Defendant Cornell Detention Center (Cornell) filed Defendant Cornell's Motion to Dismiss and Memorandum of Law in Support (Doc. No. 55). The Plaintiff has not filed a response to Cornell's motion to dismiss. Having considered Cornell's brief and the relevant law, the Court finds that Cornell's motion to dismiss should be granted.

Cornell moves the Court to dismiss Plaintiff's claims against it under Fed. R. Civ. P. 12(b)(6) for failure to state a cognizable claim upon which relief can be granted. In considering a Rule 12(b)(6) motion to dismiss, the Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The Court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court is likewise required to liberally construe a *pro se* plaintiff's pleadings; however, mere conclusory allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th

Cir. 1994). The Court is not obliged to craft legal theories for the *pro se* plaintiff nor may the Court supply factual allegations to support a *pro se* plaintiff's claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

As the Court has previously informed the Plaintiff, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Cv 7.1(b). The Court will, nonetheless, address the merits of Cornell's motion to dismiss.

The Plaintiff is suing Cornell for the following allegedly improper actions which occurred at the Valencia County Adult Detention Center (VCADC): false imprisonment, denial of medical attention, and failure to keep Plaintiff's cell warm. Cornell operates VCADC under a contract with Valencia County. The Plaintiff does not specify when these allegedly improper actions occurred nor does he allege what laws VCADC allegedly violated. Construing the Plaintiff's complaint liberally, the Court will assume that the Plaintiff is bringing a 42 U.S.C. §1983 civil rights action against Cornell.

Cornell cannot be held liable in a §1983 lawsuit for the actions of its employees under the theory of *respondeat superior*. *See Herrera v. County of Santa Fe*, 213 F.Supp.2d 1288, 1290 n.2 (D.N.M. 2002)(citing *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir.), *cert. denied*, 522 U.S. 1018 (1997); *Taylor v. Plousis*, 101 F.Supp.2d 255, 263-64 (D.N.J. 2000)). Cornell, however, may be held liable under the liability standard imposed upon municipalities in §1983 actions. *Id*. "A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v.*

*Oklahoma County Bd. of County Com'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998)(citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978)).  In this case, the Court assumes that the Plaintiff is alleging that a Cornell employee violated his Fourth and Eighth Amendment rights. The Plaintiff, however, does not allege that Cornell had a policy or custom of violating the Fourth and Eighth Amendment rights of inmates housed at VCADC.  Without more specific allegations regarding Cornell's policies and customs, the Court finds that the Plaintiff has failed to state a cognizable §1983 claim against Cornell.

       IT IS ORDERED that Defendant Cornell's Motion to Dismiss and Memorandum of Law in Support (Doc. No. 55) is granted and that Plaintiff's claims against Cornell will be dismissed without prejudice.

                                                                    _____
                                                     SENIOR UNITED STATES DISTRICT JUDGE